| 158   497|
| e206  295|

## De Wald et al. *v.* Woog.   Murphy's Appeal.

*Mechanic's Lien—Alterations and repairs—Evidence.*

A mechanic's lien cannot be sustained as for work done on a new building, where it appears that the work for which the lien is claimed was done on two adjoining four story buildings each twenty feet wide, that the building was occupied as a restaurant during the whole progress of the work, that the first story front was changed, but that the front of the second, third and fourth stories remained unchanged, although the interior of the buildings was entirely remodeled and the back buildings extended.

Argued Nov. 10, 1893.   Appeal, No. 300, Oct. T., 1893, by James A. Murphy et al., partners, mechanic's lien creditors, from order of C. P. Allegheny Co., Aug. T., 1892, No. 23, distributing fund raised by sheriff's sale of real estate in De Wald, Wuesthoff & Co. v. F. X. Woog.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Distribution of proceeds of sheriff's sale of real estate.

The case was referred to J. A. Evans, Esq., as auditor, who reported as follows :

" In 1890, the premises at Nos. 504 and 506 Smithfield street, Pittsburgh, Pa., now known as the Hotel Eiffel, were two four story buildings, each having a front on Smithfield street of about 20 feet, extending back about 50 feet.   They were divided on the first story by a 13-inch brick wall, and above that

by a hallway and lath and plaster partition. The wall nearest Sixth avenue and the wall nearest Fifth avenue were party walls. The front wall was iron and glass for the first story, with iron columns supporting the brick wall above. The rear wall was brick. The first floor was occupied as two store-rooms with a door opening from the street into each, and show windows on either side. Between the two buildings a stairway led from the ground to the top story, and a door opened from the street at the foot of these stairs. The upper floors were ·divided into rooms of different sizes by lath and plaster parti-tions on either side of the stairway and halls. .

" Under their contract Murphy & Hamilton took out all the interior of the building; put in new material and arranged the interior on an entirely different plan from that of the old build-ing, and threw the two buildings into one. They took out all the old material in the front wall of the first story, except four iron columns which supported the brick wall above. They put in new windows and doors and changed the arrangement of the first story front, and two new iron columns were put in on new foundations. Above the first story the front wall was not changed. New windows were put in where the old ones had · been, with larger glass, decreasing the number of lights to the window from twelve to two. In the rear wall the first and second stories were taken down and iron columns put in to support the brick wall above, and the building was extended back ten feet for two stories high. A skylight was built in the roof, and a light shaft brought down to light the second, third and fourth floors.

" The work was finished Dec. 29, 1891, the lien filed June 7, 1892. Woog had a lease of the premises when the contract was let, and the work was done on the credit of the leasehold. During the remodeling of the building and prior thereto, Woog occupied the premises with a restaurant and bar. At the sheriff's sale the leasehold sold for $10,700.

" A single question arises on the evidence in this case, viz.: Was the work done at Nos. 504 and 506 Smithfield street, the construction of a new building or the alteration and repairing of an old one? This is a difficult question to decide. The general rule, that ' when the structure of a building is so com-pletely changed, that in common parlance it may be properly

called a new building or a rebuilding,' does not afford much of a guide in close cases like this.

" A more specific rule is laid down in Miller v. Hershey, 59 Pa. 64 : ' The idea which runs throughout all cases is newness of structure in the main mass of the building—that entire change of external appearance which denotes a different building from that which gave place to it, though into the composition of the new structure some of the old parts may have entered. This newness of structure must be in the exterior, the main plan of the building, and not in its interior arrangements. There appears to be a good reason for this not only in the fact that the external walls of a building constitute the strongest marks of its identity and are its main part, but also in the notice that the external change furnishes to purchasers and lien creditors.'

" From this it would appear that there must be such a change in the external appearance of the building that persons, seeing the improvement, would recognize that a new building was being erected.

" In Landis's Appeal, 10 Pa. 379 : ' The old structure was an old-fashioned two-story house, with pent roof, formed by joists of the second story projecting. The roof was propped up, and the front wall taken out, and rebuilt on a new foundation, outside and adjoining the old foundation. The old rafters were spliced, and a new roof put on, with new dormer windows. All the partitions in the house but three were altered. The whole of the inside work but the floors were taken out; and the chimneys below the garret floor were taken down. New doorways and windows were cut, and new work put in the old doors and windows. The back and side walls and the foundations remained. Adjoining the house a new two-storied back building was erected without a cellar.' I have quoted thus largely from this case, because if there is any difference in the ' character and extent ' of the changes made between the building in Landis' Appeal and the one in this case, the difference is in favor of the former, and yet the court held in that case that the work amounted only to alterations and repairs.

" The case of Hershey v. Shenk, 58 Pa. 382, has been urged as ruling this case in favor of the mechanic's lien; and the language of the charge to the jury would seem to go so far as holding work like that done in this case to be a construction of

a new building. But the facts in the case do not justify them. In that case there was an entirely new building put up a few feet from the old one, to be used as one tenement with it, and the Supreme Court sustain the right of lien on the ground that there was an undoubted right to lien the new building, and, the old building occupying ground appurtenant to the new, the lien would attach to it also.

" In the Woog building it is true that parts of the front and back walls were changed, but in the front wall the second, third and fourth stories remained without change, except putting in new windows where the old ones had been with larger glass. In Landis' Appeal, supra, the entire front wall was new ; a new connection with the roof was made and a new roof was put on. Another reason why the remodeling of the Woog building should not be considered a reconstruction, is the fact that Woog lived in the building and carried on his business all the time the work was being done. This may seem far-fetched ; but if one of the reasons for not sustaining a mechanics' lien be that not sufficient change has been made in the appearance of the old building to give notice to purchasers and lien creditors that a new building was being constructed, would not the fact that the building was occupied all the time the work was being done, lead a passer-by to the conclusion that they were repairing an old building and not building a new one ?

" The work done on the building at Nos. 504 and 506 Smithfield street, on which the mechanics' liens have been filed in this case, was not in and about the construction of a new building within the meaning of mechanic's lien law."

The auditor accordingly disallowed claim of Murphy & Hamilton.

Exceptions filed by them were dismissed, whereupon they appealed.

*Errors assigned* were dismissal of exceptions, quoting them.

*E. G. Ferguson, J. S. Ferguson* with him, for appellants, cited : Act of June 16, 1836, P. L. 696 ; April 1, 1873, P. L. 493 ; Hancock's Ap., 115 Pa. 1 ; Lewis' Ap., 127 Pa. 127 ; Miller v. Hershey, 59 Pa. 65 ; Patterson v. Frazier, 123 Pa. 414 ; Driesbach v. Keller, 2 Pa. 79 ; Hershey v. Shenk, 58 Pa. 382 ; Arm-

strong v. Ware, 20 Pa. 519; Hazard's Ap., 83 Pa. 111; Landis's Ap., 10 Pa. 379; Nelson v. Campbell, 28 Pa. 156; Harman v. Cummings, 43 Pa. 322.

*Joseph M. Friedman, Robb & Fitzsimmons* with him, for appellees, not heard, cited: Landis's Ap., 10 Pa. 379; Miller v. Hershey, 59 Pa. 64.

PER CURIAM, November 13, 1893:

The right of the appellants to share in the fund for distribution depends upon a single question. They were contractors and builders. Under a contract with Woog, who held a lease for ten years of two adjoining buildings used by him as a restaurant and tobacco store, they had made extensive improvements and repairs upon the buildings. His leasehold interest was sold at sheriff's sale by the plaintiffs, De Wald, Wuesthoff & Co., and the appellants claimed payment for their work and materials out of the fund, as mechanics and material men entitled to a lien upon the premises. Their right to share in the fund was denied on the ground that their work was done and materials furnished for the repair of a building or buildings which were in the actual occupancy of Woog during the whole time their work was being done. This raised a question on which the parties were heard by the auditor and the court below. Upon this question the finding was adverse to the claimant. We are not persuaded by the evidence that this finding was plain error, and upon it the judgment or decree appealed from must be affirmed.

Decree affirmed.